

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Clyde B. Kennelly
County Attorney
Fort Bend County
Richmond, Texas

Dear Sir:

Opinion No. O-4347
Re: Fee of a sheriff or his deputy
under the facts stated and an-
other matter.

Your letter of recent date requesting the opinion
of this department on the matters stated therein reads as
follows:

"Your opinion on the matters which follow
will be sincerely appreciated.

"Where the local Sheriff's department stands
ready and is duty-bound to assist in any possible
way and the local jail and law enforcement facil-
ities are available, is it permissible for a
Justice of the Peace to assess as 'Sheriff's
Costs' a fee for making the arrest and other
fees allowed to the Sheriff's Department in a
case where a State Patrolman makes the arrest
and files the case, the Sheriff's department hav-
ing nothing to do with the case up to the time
that a judgment of a certain fine plus costs
is assessed against the defendant? As stated
above, the Sheriff's department of the County
stands in readiness to assist in any possible
and naturally, in the event the fine is not
paid, the defendant will be turned over to the
local officers, to be kept in custody until such
fine is paid or sufficient time is spent in the
County jail to care for the fine.

"Under our statutes, a County has no right
to acquire land, right-of-way or easement in
land by Eminent Domain where the land is used

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

for cemetery purposes. Fort Bend County has been acquiring right-of-way for the State on State Highway No. 288. The desired right-of-way will run across one end of a cemetery. All interested parties and relatives of the known dead are willing for the County to acquire the right-of-way but there are a number of unknown dead in the strip of land involved. Your opinion will be appreciated as to the proper method of removing these graves and handling this situation so that the County will not be liable in any possible future damage suit as a result of the removal of the graves. Could the County make the removals for highway purposes through permission of the County Court under Art. 928b, Revised Civil Statutes?

"The County proposes to have a cemetery association organized and is assured of the cooperation of any and all known interested parties. The removals, if made, will be made by competent parties and every effort will be made by the County to put the cemetery in much better condition than it is in at the present time."

With reference to your first question concerning the amount of fees, if any, which a sheriff or his deputy is entitled to, in misdemeanor cases filed in the justice court, where the sheriff or his deputies have nothing to do whatsoever with the case, this matter has been determined by this department on numerous occasions. This department has repeatedly ruled that a constable or other peace officer is not entitled to charge, collect or accept fees unless he actually performs the services set out in the statutes. If the constable or sheriff or their deputies do not make the arrest, or the commitment or the release, they certainly cannot charge, collect or accept a fee for doing so.

Therefore, it is our opinion where a sheriff or his deputies, or any other peace officer performs no service or services in connection with a misdemeanor case filed in the justice court, such officer is not entitled to any fee.

In support of our conclusion stated above, we refer you to our opinions No. O-901, No. O-1180, No. O-963, O-359, O-106, O-693 (Conference Opinion No. 3058) and O-768, copies of which are enclosed for your convenience.

We now consider your second proposition. As stated in your letter, under our statutes, a county has no right to acquire land, right-of-way or easement in land by eminent domain where the land is used for cemetery purposes.

Article 3264a, Vernon's Annotated Civil Statutes, provides in part:

"The right of Eminent Domain is hereby conferred upon counties of the State of Texas for the purpose of condemning and acquiring land, right-of-way or easement in land, private or public, except property used for cemetery purposes, where said land, right of way or easement is necessary in the construction of jails, courthouses, hospitals, delinquent and dependent schools, poor farms, libraries or for other public purposes, where such purpose is now or may hereafter be authorized by the Constitution or Statutes of this State.

". . ."

In this connection it is to be noted that Articles 6729, 6674n, and other statutes regarding the right of eminent domain by the counties or the State for materials, right-of-way, etc., with reference to the construction of highways and public roads, do not authorize the condemning and acquiring land used for cemetery purposes, for the purposes above indicated.

It is stated in Texas Jurisprudence, Vol. 16, p. 666:

"In accordance with the principles . . . governing the condemnation of property already appropriated to an existing public use, the legislature has recognized certain uses as controlling, and has in effect exempted lands devoted to them from condemnation for any other purpose. We have already seen that the use of land for cemetery purposes is a public use. This fact, together with the universal sentiment that the ashes of the dead should not be disturbed and that the soil in which they are buried should not be exposed to the vicissitudes of business affairs, has frequently induced the legislature, when delegating the power of eminent domain, to make express provision that it shall

not be exercised in respect of land that is
in use for cemetery purposes. Thus the stat-
utes conferring the right of condemnation
upon drainage districts, oil and gas companies,
water improvement districts,etc., as has been
pointed out, expressly except cemeteries from
operation of the power. On the other hand,
however, numerous grants contain no such pro-
visions and some even authorize the taking of
cemetery property upon a showing of necessity."

It is stated in Texas Jurisprudence, Vol. 9, p. 3:

"A cemetery is a parcel of land which is
devoted to the burial or interment of the
bodies of the dead; and the term 'cemetery'
includes not only lots for the sepulture of
bodies, but also avenues, walks and grounds
for shrubbery and ornamental purposes. The
place does not change character because fur-
ther interments in it become impossible; it
ceases to be a cemetery only when the sepul-
tured bodies have been exhumed and removed."

The Supreme Court of Texas in the case of Oakland
Cemetery Company v. Peoples Cemetery Association, 57 S. W. 27,
among other things, held that where the land has been laid
out into lots and a plat has been made and recorded in the
office of county clerk, the land is irrevocably dedicated to
the use as a place of burial. The legal title remains in the
corporation only for the purpose of conveying the lots to
those who desire to use them for the purposes of burying the
dead; no power is given by the statutes to the corporation to
convey the property for any other purpose. You state in your
letter that the county proposes to have a cemetery associa-
tion organized but do not state whether or not this associa-
tion is to be incorporated. However, we think, if the asso-
ciation is unincorporated, it would have no more power than
an incorporated association, and that such association would
have no power to convey the property for any other purpose
than for the purpose of burying the dead. However, such por-
tion of the cemetery when the sepultured bodies have been
exhumed and removed would cease to be a part of the cemetery,
and by virtue of Article 928b, Vernon's Annotated Civil Stat-
utes, which provides as follows:

"The remains of a deceased person interred
in a plot in a cemetery may be removed therefrom

656

> with the consent of the cemetery association
> and the written consent of the surviving wife
> or husband, or if there is no surviving husband
> or wife, (then of the children, or if there is
> no surviving husband or wife) nor children, then
> of the parents of the deceased, or should there
> be no surviving husband or wife or children
> or parent, then of the brothers and/or sisters
> of the deceased. If the consent of any such
> person or of the association cannot be obtained,
> permission by the County Court of the county
> where the cemetery is situated shall be suffi-
> cient. Notice of application to the Court for
> such permission must be given, at least ten
> (10) days prior thereto, personally, or at
> least fifteen (15) days prior thereto if by
> mail, to the cemetery association, and to the
> persons not consenting, and to every other per-
> son or association on whom service of notice
> may be required by the Court. This provision
> shall not apply to or prohibit the removal of
> any remains from one plot to another in the
> same cemetery; neither shall this provision
> apply to the disinterment of remains upon order
> of Court or coroner."

the remains of deceased persons interred in the cemetery
may be removed therefrom, when the provisions of said stat-
ute are complied with.

It is our opinion that when the remains of the de-
ceased persons interred in that portion of the cemetery have
been removed in compliance with Article 928b, supra, such
portion of the cemetery ceases to be a cemetery and that
portion of the same can legally be used for right-of-way or
other purposes in connection therewith.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

APPROVED FEB 2 1942

AW:GO

